IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| DARRAL WALTER, | ) |
| | ) Civil Action No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| THE TERMINIX INTERNATIONAL COMPANY L.P., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |
| | ) |

_____

# COMPLAINT FOR DAMAGES

COMES NOW, Darral Walter ("Plaintiff" or "Mr. Walter"), by and through his undersigned counsel, and files this, his Complaint for Damages, and shows the Court as follows:

## I.    Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, along with liquidated and actual damages, and attorney's fees and costs for Defendant's failure to pay federally

mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter the "FLSA").

3.

The plaintiff brings this action for injunctive relief and damages under Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, et seq. (Title VII).

4.

This is a suit authorized and instituted under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., (ADA).

5.

Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last discriminatory act (Exhibit A). The plaintiff further sued within ninety (90) days after receipt of the right-to-sue letter issued by the EEOC (Exhibit B).

## II.   Jurisdiction and Venue

6.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.

Defendant does business in and is engaged in commerce in the State of Alabama. Venue is proper in this district pursuant to 29 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions that give rise to Plaintiff's claims occurred in this district.

### III. Parties and Facts

8.

Plaintiff is a resident of the State of Alabama.

9.

Plaintiff is a person of African ancestry, colloquially referred to as Black.

10.

Plaintiff is a person with a disability, having been diagnosed with diverticulitis after suffering from COVID-19.

11.

Plaintiff was employed by Defendant from approximately August 1, 2019, to May 24, 2021.

12.

Plaintiff was an "employee" of Defendant, as that term has been defined by the FLSA, 29 U.S.C.S. § 201 et seq., 29 U.S.C. § 203(e).

13.

Plaintiff worked for Defendant as a Pest Control Technician, and his job duties included servicing areas of North Alabama on an assigned route.

14.

Plaintiff's service areas included heavily populated and racially diverse communities like Athens, Huntsville, and Madison.

15.

When Plaintiff began working for Defendant, his pay was based on commission, which took customer reviews into account.

16.

Plaintiff raised complaints with Defendant that he was not being paid the same as his white coworkers.

17.

In July 2020, Plaintiff went on leave after contracting COVID-19.

18.

Plaintiff returned to work in November 2020.

19.

At that point in time, Defendant assigned Plaintiff to a different route that consisted of more rural, predominately white communities like Cullman, Sommerville, Arab, and Moulton.

20.

Defendant agreed to pay Plaintiff hourly because the route would not have been successful enough for any technician to generate commission.

21.

Plaintiff complained to Defendant about his ability to be successful on this rural route because clients were acting differently toward Plaintiff because of his race. Plaintiff asked Defendant to replace him on that route with a white technician.

22.

Since Plaintiff was paid hourly beginning in November 2020, Plaintiff was a non-exempt employee from that point forward in his employment with Defendant.

23.

Plaintiff was eventually diagnosed with diverticulitis after continuing to experience after-effects of COVID-19.

24.

Plaintiff informed his managers of the challenges his disability posed, and he raised concerns about finding a place to use the restroom on this rural route. Plaintiff's concerns were not addressed, and no effort was made to reasonably accommodate Plaintiff's disability.

25.

Plaintiff went on leave a second time from February 2021 to April 2021 to deal with ongoing health issues.

26.

Upon his return, Defendant once again placed Plaintiff on the same rural service route.

27.

Given the strain imposed by this route, Plaintiff had no other choice but to resign in May 2021.

28.

Between November 2020 and his departure from Defendant, Plaintiff worked an amount of time that was more than forty (40) hours in given workweeks and was not paid the overtime wage differential for hours worked over (40) in such weeks.

29.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

30.

During Plaintiff's employment with Defendant, Defendant suffered or permitted Plaintiff to work in excess of 40 hours in given workweeks without receiving overtime compensation.

31.

Plaintiff was paid an hourly rate for all hours worked, without overtime compensation calculated at one and one-times his regular rate of pay for hours he worked in excess of (40) hours in given workweeks.

32.

Defendant may be served with process by delivering a copy of the summons and complaint to its registered agent, CT CORPORATION SYSTEM, 2 North Jackson ST., Suite 605 Montgomery, AL 36104.

## Count I

### Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

33.

Plaintiff repeats and re-alleges each and every allegation contained in the

paragraphs 8 through 31 of this Complaint with the same force and effect as if set forth herein.

34.

Defendant has violated the FLSA, 29 U.S.C. § 201, et seq. including but not limited to 29 U.S.C. § 207, by failing to pay overtime wages for hours Plaintiff worked in excess of (40) hours in given workweeks.

35.

The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked in excess of (40) hours in a workweek.

36.

Defendant suffered and permitted Plaintiff to routinely work more than (40) hours per week without overtime compensation.

37.

Defendant's actions, policies and/or practices as described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

38.

Defendant knew or showed reckless disregard for the fact that Defendant failed to pay Plaintiff overtime compensation in violation of the FLSA.

39.

Defendant's violations of the FLSA were willful and in bad faith.

40.

Pursuant to the FLSA, 29 U.S.C. § 216, Plaintiff is entitled to recover the unpaid overtime wage differential, liquidated damages in an equal amount to unpaid overtime, attorneys' fees, and the costs of this litigation incurred in connection with these claims.

## Count II

### Violation of the Americans with Disabilities Act ("ADA") (Retaliation)

41.

Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs 8 through 31 of this Complaint with the same force and effect as if set forth herein.

42.

The ADA protects qualified individuals, including Plaintiff, from retaliatory

9

measures taken by an employer based on protected activity, including opposing disability discrimination and requesting a reasonable accommodation for a disability.

43.

Plaintiff engaged in protected activity by notifying the Defendant of his disability and seeking a reasonable accommodation.

44.

Defendant subjected Plaintiff to adverse employment action by placing him on a rural route it knew would not be profitable.

45.

There is a causal connection between Plaintiff's disability and subsequent request for a reasonable accommodation and Defendant's decision to place Plaintiff on the rural route as a result.

46.

As a direct and proximate result of these actions, Plaintiff has suffered damages.

47.

Defendant, therefore, is liable for the damages caused proximately by its retaliation.

## Count III

## Race Discrimination Violation of Title VII of the Civil Rights Act of 1964

48.

Plaintiff repeats and re-alleges each and every allegation contained in the paragraphs 8 through 31 of this Complaint with the same force and effect as if set forth herein.

49.

Defendant's actions in subjecting Plaintiff to ongoing race discrimination constitute unlawful discrimination on the basis of Plaintiff's race in violation of Title VII.

50.

Defendant willfully and wantonly disregarded Plaintiff's rights, and its discrimination against Plaintiff was undertaken in bad faith.

51.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity, and to otherwise adversely affect his status as an employee because of his race.

52.

As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has been made the victim of acts that have adversely affected his psychological and physical well-being.

53.

Accordingly, Defendant is liable for the damages Plaintiff has sustained as a result of Defendant's unlawful discrimination and retaliation.

## **Prayer for Relief**

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment against Defendant and awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §§ 206(d), 207, and 216, liquidated damages as provided by 29 U.S.C. § 216, pre-judgment interest on unpaid wages, court costs, expert witness fees, and reasonable attorneys' fees pursuant to 29 U.S.C. § 216, and all other remedies allowed under the FLSA; and,

(C) Grant declaratory judgment declaring that Plaintiff's rights have been violated and that Defendant willfully violated the FLSA;

(D) Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate the Americans with Disabilities Act;

(E) Grant Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting with the Defendant and at the Defendant's request from continuing to violate Title VII;

(F) Award back pay, with employment benefits, front pay, liquidated damages; compensatory damages, special damages; punitive damages nominal damages;

(G) Award Plaintiff all monetary, compensatory, and punitive damages available under Title VII;

(H) Award Plaintiff all monetary, compensatory, and punitive damages available under the ADA;

(I) Attorneys' fees and costs;

(J) General damages for mental and emotional suffering caused by Defendant's misconduct;

(K) Grant conditional certification and provide notice of this action to all similarly situated individuals;

(L) Grant Plaintiff leave to add additional state law claims if necessary; and

(M) Award Plaintiff such further and additional relief as may be just and appropriate.

This 17th day of May, 2022.

**BARRETT & FARAHANY**

*/s/ John E. Tomlinson*
John E. Tomlinson
Alabama Bar No. 4095O78T
Cameron Tipton
Alabama Bar No. 5728S19P

*Counsel for Plaintiff Darral Walter*

2 North 20th St, Suite 900
Birmingham, AL 35203
(404) 214-0120
john@justiceatwork.com
cameron@justiceatwork.com